1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUAN CARLOS GARCIA AYALA,                No.  2:21-cv-02186-JAM-CKD

12                 Plaintiff,

13        v.                                  ORDER

14   GARY REDMAN, et al.,

15                 Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights

18   action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local

19   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20        On February 8, 2022, the court screened plaintiff's complaint and dismissed it with leave

21   to amend.  ECF No. 15.  Plaintiff's first amended complaint is now before the court for screening.

22   ECF No. 17.

23        As plaintiff was previously advised, the court is required to screen complaints brought by

24   prisoners seeking relief against a governmental entity or officer or employee of a governmental

25   entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

26   prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

27   which relief may be granted, or that seek monetary relief from a defendant who is immune from

28   such relief.  28 U.S.C. § 1915A(b)(1), (2).

1

**I.     Allegations in the First Amended Complaint**

Plaintiff alleges that while he was a pretrial detainee at the Amador County Jail on October 21, 2021, he was knocked to the floor by defendant Creach who then used his knee to apply pressure to plaintiff's back.  ECF No. 17 at 5-6.  Defendant Creach then twisted plaintiff's arms behind his back and forcibly handcuffed him.  ECF No. 17 at 6.  Defendant Labarbera was also on top of plaintiff's back, but it is not clear what actions he took.  ECF No. 17 at 5.  Plaintiff contends that he was not resisting the officers because he didn't want an extra charge, and that he was only talking to them during this incident.  ECF No. 17 at 5.  As a result of this use of force, plaintiff suffered from a new hernia injury which will require surgery to fix.  ECF No. 17 at 10.  Plaintiff also had bruises on his stomach.  Id.  Plaintiff asserts that defendant Stewart, a sergeant at the jail on the date in question, was "grossly negligent" in failing to supervise his subordinates who used excessive force against plaintiff.  ECF No. 17 at 3.  By way of relief, plaintiff seeks compensatory damages.  ECF No. 17 at 9.

**II.     Motion for the Appointment of Counsel**

In both his first amended complaint as well as in a separate motion filed on March 17, 2022, plaintiff requests that the court appoint him counsel.  ECF No. 17 at 4; ECF No. 22.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

1    Having considered the factors under Palmer, the court finds that plaintiff has failed to

2    meet his burden of demonstrating exceptional circumstances warranting the appointment of

3    counsel at this time.

4    **III.    Legal Standards**

5    **A.    Linkage Requirement**

6    The civil rights statute requires that there be an actual connection or link between the

7    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8    Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9    (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

10   constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

11   in another's affirmative acts or omits to perform an act which he is legally required to do that

12   causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

13   Cir. 1978) (citation omitted).  In order to state a claim for relief under section 1983, plaintiff must

14   link each named defendant with some affirmative act or omission that demonstrates a violation of

15   plaintiff's federal rights.

16   **B.    Supervisory Liability**

17   Government officials may not be held liable for the unconstitutional conduct of their

18   subordinates under a theory of respondeat superior.  Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009)

19   ("In a § 1983 suit ... the term "supervisory liability" is a misnomer. Absent vicarious liability,

20   each Government official, his or her title notwithstanding is only liable for his or her own

21   misconduct.").  When the named defendant holds a supervisory position, the causal link between

22   the defendant and the claimed constitutional violation must be specifically alleged; that is, a

23   plaintiff must allege some facts indicating that the defendant either personally participated in or

24   directed the alleged deprivation of constitutional rights or knew of the violations and failed to act

25   to prevent them.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Taylor v. List, 880 F.2d

26   1040, 1045 (9th Cir. 1989); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).

27   /////

28   /////

3

1   C.   **Excessive Force**

2   The Eighth Amendment prohibits cruel and unusual punishment.[1]  "[T]he unnecessary

3   and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth

4   Amendment."  Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth Amendment's

5   prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition

6   de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the

7   conscience of mankind."  Wilkins v. Gaddy, 559 U.S. 34, 37-38 (2010) (quoting Hudson v.

8   McMillian, 503 U.S. 1, 9, (1992)) (internal quotations omitted).

9   However, not every malevolent touch by a prison guard gives rise to a federal cause of

10   action.  Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  In

11   determining whether the use of force was wanton and unnecessary, courts may evaluate the extent

12   of the prisoner's injury, the need for application of force, the relationship between that need and

13   the amount of force used, the threat reasonably perceived by the responsible officials, and any

14   efforts made to temper the severity of a forceful response.  Hudson, 503 U.S. at 7 (quotation

15   marks and citations omitted).  While the absence of a serious injury is relevant to the Eighth

16   Amendment inquiry, it does not end it.  Hudson, 503 U.S. at 7.  The malicious and sadistic use of

17   force to cause harm always violates contemporary standards of decency.  Wilkins, 559 U.S. at 37

18   (quoting Hudson, 503 U.S. at 9) (quotation marks omitted).  Thus, it is the use of force rather than

19   the resulting injury which ultimately counts.  Id. at 1178.

20   V.   **Analysis**

21   After conducting the required screening, the court finds that plaintiff may proceed on the

22   Fourteenth Amendment excessive force claim against defendant Creach.  However, plaintiff fails

23   to link defendant Labarbera to any specific act of excessive force.  Absent such linkage, he has

24   failed to state a claim against this defendant.  Additionally, the only allegations against defendant

25   Stewart are based on his supervisory role of defendants Creach and Labarbera.  However, this is

26
27
28

---

[1] Excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment.  See Graham v. Connor, 490 U.S. 386, 395, n. 10 (1989); Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003).

1    not a sufficient factual basis to rest liability.  See Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

2    Because there are no allegations that defendant Stewart personally participated in the use of

3    excessive force against plaintiff, he has failed to state a claim against this defendant.  Based on

4    these deficiencies in the remaining claims and defendants, plaintiff will be granted leave to file a

5    second amended complaint should he decide that he does not want to immediately proceed on the

6    excessive force claim found cognizable against defendant Creach.

7         **VI.    Plain Language Summary for Pro Se Party**

8              The following information is meant to explain this order in plain English and is not

9    intended as legal advice.

10             Some of the allegations in the amended complaint state claims for relief against the

11   defendants, and some do not.  You must decide if you want to (1) proceed immediately on the

12   Fourteenth Amendment excessive force claim against defendant Creach; or, (2) amend the

13   complaint to try to fix the problems identified in this order with respect to the remaining claims

14   and defendants.  Once you decide, you must complete the attached Notice of Election form by

15   checking only one box and returning it to the court.

16             Once the court receives the Notice of Election, it will issue an order telling you what you

17   need to do next.  If you do not return this Notice, the court will construe this failure as consent to

18   dismiss the deficient claims and will order service of the complaint only on the claim found

19   cognizable in this screening order.

20             Accordingly, IT IS HEREBY ORDERED that:

21        1.  Plaintiff's motion for the appointment of counsel (ECF No. 22) is denied without

22             prejudice.

23        2.  Plaintiff has the option to proceed immediately on the Fourteenth Amendment

24             excessive force claim against defendant Creach.

25        3.  Within 21 days from the date of this order, plaintiff shall complete and return the

26             attached Notice of Election form notifying the court whether he wants to proceed on the

27             screened amended complaint or whether he wants time to file a second amended

28             complaint.

4.  If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deficient claims and proceed only on the cognizable claims identified in this screening order.

Dated:  April 29, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

6

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    JUAN CARLOS GARCIA AYALA,                    No.  2:21-cv-02186-JAM-CKD

11          Plaintiff,

12    v.                                           NOTICE OF ELECTION

13    GARY REDMAN, et al.,

14          Defendants.

15

16    **Check only one option:**

17    _____   Plaintiff wants to proceed immediately on the Fourteenth Amendment excessive force
18    claim against defendant Creach.  Plaintiff voluntarily dismisses the remaining claims and
      defendants.

19    _____   Plaintiff wants time to file a second amended complaint.

20

21

22    DATED:

23

24                                                        _____
25                                                        Plaintiff

26

27

28
                                           7