UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>                    Plaintiff,<br><br>         v.<br><br>GARY REDMAN, et al.,<br><br>                    Defendants. | No.  2:21-cv-02186-DAD-CKD P<br><br><br><br>ORDER |

Plaintiff is a former county inmate who is currently in state custody at the California Health Care Facility.  He is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On April 29, 2022, the court screened plaintiff's first amended complaint and gave him the option of proceeding on the Fourteenth Amendment excessive force claim against defendant Creach or of filing a second amended complaint to fix the deficiencies with respect to the remaining claims and defendants.  ECF No. 25.  Plaintiff elected to file a second amended complaint that is now before the court for screening.  ECF No. 32.

**I.	Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental

1

entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## II. Allegations in the Second Amended Complaint

At all times relevant to the allegations in the amended complaint, plaintiff was a pretrial detainee at the Amador County Jail. Plaintiff contends that on October 21, 2021, he was "roughed up" by defendants La Barbera and Creach, who were both correctional officers at the jail. Defendant Creach grabbed plaintiff's head and knocked him to the ground. Each defendant grabbed one of plaintiff's arms and twisted them behind his back to be handcuffed. When plaintiff was handcuffed on the ground, defendants Creach and La Barbera placed their knees on his back and applied all of their weight to his stomach region. This caused plaintiff's surgical scar from a hernia operation in December 2020 to rip open. Both defendants were aware of plaintiff's recent stomach surgery, but persisted in placing pressure on this area. Defendants then picked plaintiff up off of the floor by his handcuffs.

Plaintiff also alleges that an unidentified female officer and a medical doctor denied plaintiff adequate medical care for injuries he sustained on October 21, 2021.

## III. Legal Standards

### A. Linkage Requirement

The civil rights statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of

plaintiff's federal rights.

### B. Deliberate Indifference to a Serious Medical Need

Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id.

A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1991).

"Deliberate indifference" includes a purposeful act or failure to respond to a prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.

A showing of merely negligent medical care is not enough to establish a constitutional violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106. A difference of opinion about the proper course of treatment is not deliberate indifference, nor does a dispute between a prisoner and prison officials over the necessity for or extent of medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore, mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay caused "significant harm and that defendants should have known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see McGuckin, 974 F.2d at 1060.

/////

### IV. Analysis

After conducting the required screening, the court finds that plaintiff may proceed on the Fourteenth Amendment excessive force claims against defendants Creach and La Barbera. However, the second amended complaint does not identify the remaining defendants who were allegedly deliberately indifferent to plaintiff's serious medical needs. Even if plaintiff identified these medical defendants in his amended complaint, he does not adequately identify what specific acts or omissions each one was responsible for committing that resulted in a violation of his constitutional rights. Therefore, he fails to adequately allege a deliberate indifference claim to his serious medical needs. Plaintiff has the option of proceeding immediately on the excessive force claims against defendants Creach and La Barbera, or he may attempt to cure the defects with respect to the remaining claims and defendants by filing a third amended complaint. See Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). If plaintiff chooses to proceed on the excessive force claims found cognizable in this screening order, the court will construe this as a request to voluntarily dismiss the remaining claims pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure. Plaintiff is granted leave to file a third amended complaint should he decide that he does not want to immediately proceed on the excessive force claims found cognizable in this screening order.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**V.      Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

Some of the allegations in the amended complaint state claims for relief against the defendants, and some do not.  You must decide if you want to (1) proceed immediately on the Fourteenth Amendment excessive force claims against defendants Creach and La Barbera; or, (2) amend the complaint to fix the problems identified in this order with respect to the deliberate indifference claims.  Once you decide, you must complete the attached Notice of Election form by checking only one box and returning it to the court.

Once the court receives the Notice of Election, it will issue an order telling you what you need to do next.  If you do not return this Notice, the court will construe this failure as consent to dismiss the deliberate indifference claims and will order service of the complaint only on the claims found cognizable in this screening order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff has the option to proceed immediately on the Fourteenth Amendment excessive force claims against defendants Creach and La Barbera.

2. Within 21 days from the date of this order, plaintiff shall complete and return the attached Notice of Election form notifying the court whether he wants to proceed on the screened amended complaint or whether he wants time to file a third amended complaint to fix the deficiencies with respect to the deliberate indifference claims.

/////

/////

/////

3. If plaintiff fails to return the attached Notice of Election within the time provided, the court will construe this failure as consent to dismiss the deliberate indifference claims and to proceed only on the cognizable claims identified in this screening order.

Dated: November 21, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/ayal2186.option.SAC.docx

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>    Plaintiff,<br><br>v.<br><br>GARY REDMAN, et al.,<br><br>    Defendants. | No. 2:21-cv-02186-DAD-CKD<br><br><u>NOTICE OF ELECTION</u> |

**Check only one option:**

_____ Plaintiff wants to proceed immediately on the Fourteenth Amendment excessive force claims against defendants Creach and La Barbera. Plaintiff voluntarily dismisses the deliberate indifference claims against the remaining defendants.

\_\_\_\_\_ Plaintiff wants time to file a third amended complaint.

DATED:

                                                                     _____
                                                                                          Plaintiff