UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>Plaintiff,<br><br>v.<br><br>GARY REDMAN, et al.,<br><br>Defendants | No. 2:21-cv-02186-DJC-CKD<br><br>ORDER FINDING SERVICE APPROPRIATE AS TO CERTAIN CLAIMS AND FINDINGS AND RECOMMENDATIONS TO DISMISS REMAINING CLAIMS |

Plaintiff is a former county prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed October 11, 2023, plaintiff was granted leave to file a third amended complaint "limited to claims arising from plaintiff's incarceration at Amador County Jail on October 21, 2021." ECF No. 64 at 3. Plaintiff has now filed a third amended complaint that is before the court for screening.

**I.      Screening Requirement**

As plaintiff was previously advised, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

## II.     Allegations in the Third Amended Complaint

On October 23, 2021, plaintiff was a pretrial detainee in custody at the Amador County Jail. Defendants Creach, LaBarbera, and Owens were escorting plaintiff to the C-Block, otherwise known as "the hole." ECF No. 68. "Plaintiff informed the officers that he was at risk of retaliation if he was housed in C-Block…." ECF No. 68 at 2. Defendants Creach and LaBarbera then started running towards plaintiff and threw him onto the floor. Id. at 3. Defendant Creach grabbed plaintiff by the head and ears while defendant LaBarbera grabbed plaintiff's left arm and twisted it. Id. Once plaintiff was on the ground on his stomach, defendants Creach and LaBarbera placed extreme pressure on his back with their knees. Id. Defendant Owens folded plaintiff's legs and put all of her weight on them. Plaintiff had a prior stomach surgery and felt "a lot of burning sharp pain" while the officers were on top of him. Id. at 3. Defendants knew he had stomach surgery because they had escorted him to the medical section. Id. "Plaintiff told the defendants that he was injured but they just ignored everything he was telling them while putting on the handcuffs." Id. As a result of defendants' use of force, plaintiff "suffers pain in the bone on the side of his knee every single day and he also suffers pain from his hernias." Id. at 4.

## III.     Legal Standards

As plaintiff was a pretrial detainee, the Fourteenth Amendment standard applies to the claim of deliberate indifference to plaintiff's serious medical needs. See Castro v. County of Los Angeles, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). The Ninth Circuit has clarified that, in the context of pretrial detainees protected by the Fourteenth Amendment, deliberate indifference is interpreted solely from an objective perspective, and has no subjective component. Castro, 833 F.3d at 1069–70. Thus, in order to state a claim, plaintiff must allege that: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at a substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking

such measures, the defendant caused the plaintiff's injuries." Gordon v. County. of Orange, 888 F.3d 1118, 1125. As such, the plaintiff must prove "more than negligence but less than subjective intent—something akin to reckless disregard." Gordon, 888 F.3d at 1124-25 (quoting Daniels v. Williams, 474 U.S. 327, 330-31 (1996)) (internal quotation marks omitted).

### IV. Analysis

The complaint sufficiently alleges a Fourth and Fourteenth Amendment excessive force claim against defendants Creach, LaBarbera, and Owens pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this claim. Therefore, the court will direct plaintiff to complete the documents required to serve defendant Owens with the third amended complaint.[1]

Plaintiff has failed to state a separate claim for relief based on defendants' deliberate indifference to his serious medical needs. Plaintiff alleges that defendants failed to respond to his request for medical attention and complaints of pain following their use of force against him. However, plaintiff has not alleged that this delay in treatment caused any further injury to him. See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (prisoner alleging delay of medical treatment evinces deliberate indifference must show delay led to further injury); see also Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) ("mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference"). Plaintiff's allegations sound more in negligence which is not legally sufficient to state a deliberate indifference claim under the Fourteenth Amendment. Gordon, 888 F.3d at 1125. Based on this analysis, the undersigned recommends dismissing the Fourteenth Amendment deliberate indifference claim against defendants without further leave to amend as it does not appear to the court that the identified defects are curable. See Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

---

[1] Defendants Creach and LaBarbera have already filed an answer to the third amended complaint. See ECF No. 69.

**V.     Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

The court has reviewed the allegations in your third amended complaint and determined that some state cognizable claims and others do not.  The court is ordering service on the excessive force claim against defendants Creach, LaBarbera, and Owens.  To have defendant Owens served with the amended complaint, you must complete and return the attached Notice of Submission of Documents form.

The undersigned is recommending that the Fourteenth Amendment deliberate indifference claim against defendants Creach, LaBarbera, Owens, and Does 1-10 be dismissed without further leave to amend because there is no allegation that the delay in treating your injuries caused further harm.  Defendants' negligence in failing to respond to your medical needs is not sufficient to state a constitutional claim for relief.

If you disagree with this recommendation to dismiss the deliberate indifference claim against defendants, you may explain why it is not the correct outcome within 14 days from the date of this order.  Label your explanation as "Objections to Magistrate Judge's Findings and Recommendations."

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall update plaintiff's address of record to 1397 E. San Antonio Street, San Jose, CA 95116.

2. Service is appropriate for the excessive force claim against defendants Creach, LaBarbera, and Owens.

3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons, an instruction sheet and a copy of the third amended complaint filed January 2, 2024.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

   a. The completed Notice of Submission of Documents;

   b. One completed summons;

   c. One completed USM-285 form for defendant Owens; and

   d. Two copies of the endorsed third amended complaint filed January 2, 2024.

 5. Plaintiff need not attempt service on defendant Owens and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

 IT IS FURTHER RECOMMENDED that plaintiff's Fourteenth Amendment deliberate indifference claim against defendants Creach, LaBarbera, Owens, and Does 1-10 be dismissed without leave to amend for failing to state a claim upon which relief may be granted.

 These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 31, 2024

               */s/ Carolyn K. Delaney*
               CAROLYN K. DELANEY
               UNITED STATES MAGISTRATE JUDGE

12/ayal2186.1.amd+F&R

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JUAN CARLOS GARCIA AYALA, | No. 2:21-cv-02186-DJC-CKD |
|---|---|
| Plaintiff, | |
| v. | NOTICE OF SUBMISSION OF DOCUMENTS |
| GARY REDMAN, et al., | |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

\_\_\_\_  completed summons form
\_\_\_\_  completed USM-285 form
\_\_\_\_  copies of the _____
            Amended Complaint

DATED:

_____
Plaintiff

6