UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>Plaintiff,<br><br>v.<br><br>GARY REDMAN, et al.,<br><br>Defendants. | No. 2:21-cv-2186-DJC-CKD P<br><br><br>FINDINGS & RECOMMENDATIONS |

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 when he was confined in the Amador County Jail and he proceeds without counsel and in forma pauperis. On March 18, 2025, the defendants filed a motion for sanctions, seeking reasonable expenses incurred in bringing the motion and terminating sanctions, or, in the alternative, an order compelling plaintiff to respond to defendant's discovery requests. (ECF No. 78.) Plaintiff has not opposed the motion.

When plaintiff initiated this action, the court informed him that motions would be briefed pursuant to Local Rule 230(l) which requires a written response. (ECF No. 4-1 at 1.) In addition, by order filed April 23, 2025, the court reminded plaintiff about this requirement and gave plaintiff a further opportunity to respond. (ECF No. 79.) The court ordered plaintiff to file a response to the pending motion or face dismissal of this action for failure to comply with a court order and the Local Rules. (Id. at 2.) The additional time granted has expired, and plaintiff has not complied with the order or otherwise responded to the court.

1

"District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. Thompson v. Housing Auth., City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss an action, the court considers several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

The court has considered the factors set forth above and finds they favor dismissal. Plaintiff's failure to comply with the court's orders and the Local Rules suggests plaintiff has abandoned this action. This case cannot proceed without plaintiff's participation. Thus, the court finds no suitable alternative to dismissal.

In accordance with the above, IT IS RECOMMENDED as follows:

1. This action be DISMISSED without prejudice. See Fed. R. Civ. P. 41(b); Local Rule 183(b).

2. Defendants' motion for sanctions or to compel discovery responses be denied as moot.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 30, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, ayal2186.41b.fr