UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS GARCIA AYALA,<br><br>Plaintiff,<br><br>v.<br><br>GARY REDMAN, et al.,<br><br>Defendants. | No. 2:21-cv-2186-DJC-CKD P<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION TO COMPEL |

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 while confined in the Amador County Jail. Plaintiff is no longer in custody. He proceeds without counsel and in forma pauperis. By this order, the undersigned vacates the June 2, 2025, recommendation for terminating sanctions against plaintiff and instead grants defendants' motion to compel. Plaintiff must respond further to defendants' discovery requests. Plaintiff must meet his discovery obligations to avoid a recommendation that this case be dismissed for failure to comply with the court's orders and the applicable rules.

**I.      Relevant Background**

Plaintiff proceeds on his third amended complaint under 42 U.S.C. § 1983 asserting excessive force claims against defendants Creach, LaBarbera, and Owens. (ECF No. 68; see also ECF No. 70.) In an Amended Discovery and Scheduling Order filed on November 18, 2024, the court ordered discovery could be conducted until March 18, 2025, on which date any motions

1

1  necessary to compel discovery were to be filed. (ECF 77 at 6.) All requests for discovery were to
2  be served no later than January 17, 2025. (Id.) All responses to written discovery requests were
3  ordered due forty-five days after service of the request. (Id. at 5.)
4        On December 13, 2024, defendant Creach served plaintiff with Interrogatories (Set One)
5  under Rule 33 of the Federal Rules of Civil Procedure, Requests for Production of Documents
6  (Set One) under Rule 34, and Requests for Admission (Set One) under Rule 36. (ECF No. 78-1 at
7  5-22.) After receiving no responses, defense counsel met and conferred with plaintiff over the
8  phone on several occasions and agreed to an extension of time for plaintiff's responses. (Id. at 2.)
9        According to defense counsel, on March 1, 2025, plaintiff emailed defendant a document
10 appearing to be an incomplete attempted response to the Requests for Admission, and on March
11 10, 2025, plaintiff emailed four sets of documents to defendant appearing to be an attempt to
12 respond to the Request for Production of Documents. However, plaintiff did not provide any
13 information regarding which documents responded to which request. In addition, many of the
14 documents were not legible, and plaintiff did not provide any attempted response to the
15 Interrogatories. Counsel requested plaintiff to provide complete responses by March 18, 2025.
16 Plaintiff has not provided further responses. (ECF No. 78-1 at 2-3.)
17       On March 18, 2025, defendants filed a motion seeking to compel plaintiff's discovery
18 responses and seeking sanctions up to and including dismissal of this action. Defendants argued
19 plaintiff failed to provide responses to the Interrogatories, Requests for Production of Documents,
20 and Requests for Admission. (ECF No. 78.) Plaintiff did not timely oppose the motion. By order
21 dated April 23, 2025, the court warned plaintiff that failure to file an opposition to the motion for
22 sanctions within 14 days would result in a recommendation that this case be dismissed. (ECF No.
23 79.) Plaintiff did not timely respond to the order. On June 2, 2025, the undersigned recommended
24 defendants' request for terminating sanctions be granted. (ECF No. 81.) On August 14, 2025,
25 plaintiff filed late objections to the findings and recommendations and requested appointment of
26 counsel. (ECF No. 83.)
27 ////
28 ////

**II.     Plaintiff's Failure to Comply with Discovery Obligations**

In objections to the findings and recommendations for this case to be dismissed for plaintiff's failure to prosecute, plaintiff states he is not refusing to provide discovery because the medical records defendants seek are unavailable to him. (ECF No. 83 at 1.) Plaintiff states he contacted the hospital with the records and the hospital refused to provide the records. (Id.)

Plaintiff's explanation does not suffice to justify his failure to respond properly to defendants' written discovery requests. First, the outstanding discovery is not limited to plaintiff's medical records. Second, even as to the medical records, plaintiff's vague and bare explanation does not excuse his failure to properly respond.

Plaintiff's pro se status does not excuse him from responding to discovery requests. See American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000) (pro se litigants are expected to know and comply with the rules of civil procedure). Lack of a lawyer does not excuse intentional noncompliance with discovery rules and court orders. See Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000) (per curiam) (affirming sanction of dismissal and holding that "[a] pro se litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery").

Plaintiff "cannot be required to produce the impossible" but must produce documents in his possession, custody, or control. Berger v. Home Depot USA, Inc., No.SACV-10-678S-JOP-LAX, 2010 WL 11558000, at *7 (C.D. Cal. Oct. 7, 2010) (quoting Zervos v. S. S. Sam Houston, 79 F.R.D. 593, 595 (S.D.N.Y. 1978) and LaChemise Lacoste v. Alligator Co., 60 F.R.D. 164, 172 (D. Del. 1973)). Plaintiff's vague and bare statement that the hospital refuses to provide his medical records does not allow the court to determine whether plaintiff made a reasonable inquiry and exercised due diligence. See London Wallace v. City of Fresno, No. 1:19-CV-01199-AW-ISAB, 2021 WL 916244, at *5 (E.D. Cal. Mar. 10, 2021) ("In responding to document requests a party must make a reasonable inquiry to determine whether responsive documents exist, and if they do not, the party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.") (cleaned up) (quoting Rogers v. Giurbino, 288 F.R.D. 469, 485 (S.D. Cal. 2012)).

1  For example, plaintiff has not submitted his sworn declaration or any other evidence
2  showing that any conditions outside his own control prevent him from obtaining his own medical
3  records or otherwise responding to discovery requests. Plaintiff has not set forth the specific steps
4  he took to attempt to obtain the medical records. Plaintiff simply claims without any details or
5  evidence in the form of a sworn declaration that the hospital will not provide the records.

6  Moreover, plaintiff's outstanding discovery responses are not limited to production of
7  plaintiff's medical records. Plaintiff has not properly responded to defendant's Interrogatories
8  (Set One), Requests for Production of Documents (Set One), or Requests for Admission (Set
9  One). The court cannot excuse plaintiff's noncompliance with discovery rules based on plaintiff's
10 pro se status or his unsubstantiated assertion that the hospital refuses to provide his medical
11 records. See Wilson v. Ochoa, No. CV 21-8359-PSG (JPR), 2023 WL 8153595, at *4 (C.D. Cal.
12 Sept. 25, 2023) (claims unsupported by statements under penalty of perjury or other supporting
13 evidence do not excuse non-compliance with discovery), report and recommendation adopted,
14 No. CV 21-8359-PSG (JPR), 2023 WL 8374723 (C.D. Cal. Dec. 1, 2023).

15 Plaintiff must respond to defendant's discovery requests, without objections, to the best of
16 plaintiff's ability. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th
17 Cir. 1992) ("It is well established that a failure to object to discovery requests within the time
18 required constitutes a waiver of any objection"). Within 21 days of the date of this order, plaintiff
19 shall serve defendant with written responses, without objections, to defendant's Interrogatories
20 (Set One) and Requests for Production of Documents (Set One) and must produce any responsive
21 documents in his possession or control including medical records unless plaintiff demonstrates
22 that conditions outside his own control prevent him from obtaining the records.

23 As to the Requests for Admission (Set One), plaintiff has presented no justification that
24 would excuse his non-response and, therefore, each matter is deemed admitted. Fed. R. Civ. P.
25 36(a)(3) (when a party fails to timely respond to a request for admission, the matter is
26 automatically deemed admitted). The court may permit withdrawal or amendment upon a motion
27 by the party if it would promote the presentation of the merits of the action and the requesting
28 party would not be prejudiced. See Fed. R. Civ. P. 36(b); see also Sonoda v. Cabrera, 255 F.3d

4

1035, 1039 (9th Cir. 2001) (upon a motion to withdraw admission, the party who obtained the admission has the burden of proving that allowing withdrawal of the admission would prejudice its case). If plaintiff provides responses to defendant's Request for Admissions, Set One within the time frame provided for his other written discovery responses, plaintiff may move the court to withdraw the matters deemed admitted based on untimely responses.

Plaintiff is hereby informed and cautioned that all parties have an obligation in litigation to respond to properly served discovery requests. If a party chooses to ignore that obligation, the court has the authority to impose a variety of sanctions, including dismissal. See Fed. R. Civ. P. 37(d)(1)(A), (d)(3); Sanchez v. Rodriguez, 298 F.R.D. 460, 470-73 (C.D. Cal. 2014) (dismissing pro se prisoner's action for failure to respond to discovery and failure to comply with three court orders to respond to discovery). In addition, plaintiff is cautioned that the court will look with disfavor upon any further requests for extensions of time to comply with this order unless the request demonstrates good cause based on circumstance outside of plaintiff's control.

### III.    Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Here, the allegations in the complaint are not complicated. In addition, plaintiff was able to articulate his claims pro se. He has not demonstrated he is likely to succeed on the merits.

Having considered the factors under Palmer, the court finds plaintiff does not meet his burden to demonstrate exceptional circumstances warrant the appointment of counsel at this time.

For the reasons set forth above, IT IS ORDERED as follows:

1. The court VACATES the findings and recommendations filed on June 2, 2025 (ECF No. 81) recommending that this case be dismissed for failure to prosecute and denying defendants' motion to compel as moot.

2. The court GRANTS defendants' motion to compel (ECF No. 78).

3. Defendants' Request for Admissions, Set One, are deemed admitted. If plaintiff provides responses within 21 days of the date of this order, plaintiff may also move the court to withdraw the matters deemed admitted; any such motion must be filed within 21 days of the date of this order.

4. Within 21 days of service of this order, plaintiff shall serve complete and verified responses, without objections, to defendant's Interrogatories (Set One) and Request for Production of Documents (Set One) and shall produce any responsive documents in his possession or control.

5. The pretrial scheduling order is amended to extend the discovery deadline to 35 days from the date of this order solely for the purpose of plaintiff providing discovery responses and defendants filing any further motion to compel; a new deadline for other pretrial motions including dispositive motions will be set at a later date

6. Plaintiff's failure to comply with this order and/or failure to comply with his discovery obligations for this case will result in a recommendation that this case be dismissed.

7. Defendants' alternate request for terminating sanctions is denied without prejudice to renewal if plaintiff does not meet his discovery obligations.

8. Plaintiff's motion for the appointment of counsel (ECF No. 83) is DENIED without prejudice.

Dated: August 26, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, ayal218.vacfr.mtc