UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS GARCIA AYALA

Plaintiff,

v.

GARY REDMAN, et al.,

Defendants.

No.  2:21-cv-2186-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff filed this case while he was detained in the Amador County Jail seeking relief under 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis. This case is referred to the undersigned by operation of Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendants' motion for sanctions including monetary sanctions and dismissal of the case is before the court. For the reasons set forth below, the undersigned recommends the request for terminating sanctions based on plaintiff's failure to attend his deposition and the resulting prejudice to defendants be granted and the request for monetary sanctions be denied.

**PROCEDURAL BACKGROUND**

Plaintiff filed the complaint on November 24, 2021. (ECF No. 1.) Plaintiff filed a second amended complaint on June 13, 2022. (ECF No. 32.) After screening, the case proceeded on plaintiff's Fourteenth Amendment excessive force claims against defendants Creach and La Barbera. (ECF Nos. 47.)

1

The court issued a discovery and scheduling order on April 17, 2023. (ECF No. 56.) By order filed on October 11, 2023, the court granted plaintiff leave to amend the complaint and granted his motions to modify the discovery and scheduling order. (ECF No. 64.) Plaintiff filed the operative third amended complaint on January 2, 2024. (ECF No. 68.) After screening, the case proceeded on excessive force claims against defendants Creach, LaBarbera, and Owens. (ECF Nos. 70, 74.) Defendants answered the third amended complaint. (ECF No. 75.)

On November 18, 2024, the court issued an amended discovery and scheduling order. (ECF No. 77.) Under the terms of the order, all discovery was to be completed by March 18, 2025. (Id. at 6.)

On March 18, 2025, defendants filed a motion for sanctions, or, in the alternative, to compel responses to defendant's written discovery requests and deem requests for admission admitted. (ECF No. 78.) Defendants request monetary sanctions in the amount of $1,680.00 and dismissal of this case. (Id. at 8.)

Plaintiff failed to timely oppose the March 18, 2025, motion for sanctions. On April 23, 2025, the court cautioned plaintiff regarding his failure to provide discovery responses and failure to timely oppose the pending motion and granted plaintiff 21 days to oppose the pending motion. (ECF No. 79.) Plaintiff did not file an opposition to the motion for sanctions in the time granted to do so.

On June 2, 2025, the undersigned recommended this case be dismissed without prejudice for plaintiff's failure to prosecute. (ECF No. 81.) Plaintiff filed objections. (ECF No. 83.)

On August 26, 2025, the undersigned vacated the recommendation to dismiss this case and granted defendants' motion to compel. (ECF No. 85.) Plaintiff was ordered to serve discovery responses and the pretrial scheduling order was modified for this purpose. (Id. at 6.) Defendants' requests to admit were deemed admitted and plaintiff was informed he could move the court to withdraw the matters deemed admitted within 21 days. (Id.)

Plaintiff sought and was granted an extension of time to serve responses to the written discovery requests served by defendants. (ECF No. 87, 88.) Plaintiff's unopposed motion to withdraw the matters deemed admitted was granted. (ECF No. 93.) On November 3, 2025, the

2

court extended the discovery deadline solely for the purpose of taking plaintiff's deposition. (ECF No. 91.)

On January 15, 2026, defendants filed the motion for sanctions presently before the court. (ECF No. 94.) Plaintiff failed to timely file an opposition or statement of non-opposition to the motion. On February 20, 2026, the court ordered plaintiff to file an opposition, if any, to the pending motion for sanctions. Plaintiff was again cautioned about failure to respond to pending motions and was granted another 21 days to do so. Plaintiff was specifically cautioned that "Failure to file an opposition will be deemed as consent to the granting of the motion and consent to have the action dismissed for failure to comply with a court order and these rules… pursuant to Federal Rule of Civil Procedure 41(b)." (ECF No. 95 at 2.) The additional time granted for plaintiff to oppose the motion for sanctions has expired and plaintiff has not opposed the motion or otherwise responded to the court's order dated February 20, 2026.

## APPLICABLE STANDARD

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th

Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

## DISCUSSION

The first two relevant factors support dismissal. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Judicial economy considerations also weigh in favor of terminating sanctions for plaintiff's non-compliance with discovery rules and this court's order to respond to written discovery requests. See Ferdik, 963 F.2d at 1261 (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

The third factor, prejudice to defendants from plaintiff's failure to appear for his deposition, also favors dismissal. Defendants are entitled to take plaintiff's deposition and are prejudiced by not being able to do so. The prejudice to defendants is not counterbalanced by any legitimate excuse for plaintiff's non-compliance, as plaintiff has not presented any justification

4

for failing to appear for his deposition and failing to file an opposition or statement of non-opposition to the pending motion for sanctions.

Public policy favors disposition of cases on their merits, and so the fourth factor generally does not weigh in favor of dismissal as a sanction. See Yourish, 191 F.3d at 990. However, where a case "is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations" and "cannot move forward toward resolution on the merits" because of the party's failure, this factor lends little support in favor of disposition on the merits. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1228 (9th Cir. 2006).

The fifth factor also favors dismissal. No other, lesser sanctions would be satisfactory or effective. The court has already tried warnings that failure to comply with discovery obligations and the court's order could result in dismissal of this action. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). After being warned, plaintiff has continued to disregard this court's rules, orders, and deadlines as to the outstanding discovery requests. Plaintiff has failed to oppose the pending motion for sanctions after being granted an extension of time to do so and being warned that failure to do so would be deemed his consent to have this action dismissed. (ECF No. 95 at 2.) Under the circumstances, the court finds no other, lesser sanctions would be satisfactory or effective.

In sum, plaintiff has exhibited willful disregard for this litigation he commenced and no lesser sanction than dismissal would be effective or suitable in this instance. See Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). Plaintiff's status as a self-represented litigant will not spare him from such a sanction, as "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted); see also McNeil v. United States, 508 U.S. 106, 113 (1993).

Defendants' request for terminating sanctions should be granted. Because plaintiff proceeds in forma pauperis, the undersigned declines to recommend monetary sanctions.

////

////

**RECOMMENDATION**

In addition, for the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendants' motion for sanctions (ECF No. 94) be GRANTED in part and this action be dismissed with prejudice.

2. Defendants' request for monetary sanctions be denied.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 ayal2186.fr

6