UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS GARCIA AYALA,

Plaintiff,

v.

GARY REDMAN, et al.,

Defendants.

No.  2:21-cv-2186-DJC-CKD P

ORDER VACATING FINDINGS AND RECOMMENDATIONS

Plaintiff filed this civil rights action under 42 U.S.C. § 1983 while confined in the Amador County Jail. He proceeds on the operative third amended complaint with Fourteenth Amendment excessive force claims against defendants Creach and La Barbera. (ECF No. 68; see also ECF Nos. 70, 74) By this order, for the second time, the undersigned vacates a recommendation to dismiss this case for failure to prosecute. The undersigned also grants in part defendants' motion to compel, orders plaintiff to attend and cooperate with his deposition, and sets new deadlines for this case.

Previously, on November 18, 2024, the court issued an amended discovery and scheduling order pursuant to which all discovery was to be completed by March 18, 2025. (ECF No. 77 at 6.) On March 18, 2025, defendants filed a motion for sanctions, or, in the alternative, to compel responses to their written discovery requests and deem requests for admission admitted. (ECF No. 78.) Plaintiff failed to file an opposition to that motion even after the court warned plaintiff and

1

granted additional time to do so. (ECF No. 79.) Accordingly, on June 2, 2025, the undersigned made the first recommendation that this case be dismissed without prejudice for plaintiff's failure to prosecute. (ECF No. 81.) Plaintiff filed objections. (ECF No. 83.)

On August 26, 2025, the undersigned vacated the first recommendation to dismiss this case for failure to prosecute and granted defendants' March 18, 2025 motion to compel. (ECF No. 85.) Plaintiff sought and was granted an extension of time to serve responses to the written discovery requests served by defendants. (ECF No. 87, 88.) Plaintiff's unopposed motion to withdraw the matters deemed admitted was also granted. (ECF No. 93.) On November 3, 2025, the court extended the discovery deadline solely for the purpose of taking plaintiff's deposition. (ECF No. 91.)

On January 15, 2026, defendants filed their second motion for sanctions, seeking sanctions and/or to compel plaintiff's attendance at his deposition, stating plaintiff had failed to attend his properly noticed deposition. (ECF No. 94.) Once again, plaintiff did not timely file an opposition or statement of non-opposition after being given a warning and extra time to do so. (ECF No. 95.) Accordingly, on April 28, 2026, the undersigned recommended the motion for sanctions be granted in part and this action be dismissed with prejudice.

On May 20, 2026, plaintiff filed late objections to the findings and recommendations, a request for an extension of time, and a notice of change of address. (ECF Nos. 98, 99.) Plaintiff's request for an extension of time to file the objections is granted.

In the objections, plaintiff states he did not receive the notice of deposition and provides "a reliable address where he can receive court documents." (ECF No. 99 at 2.) The undersigned will vacate the recommendation to dismiss this case at this time but cautions plaintiff that continued failures to comply with discovery obligations or file responses to motions or court orders will not be tolerated. The pending motion for sanctions and/or to compel will be granted in part as to the order for plaintiff to attend his deposition. However, the undersigned finds the requested monetary sanction inappropriate under the circumstances.

////

////

2

In accordance with the above, IT IS ORDERED as follows:

1. Plaintiff's motion for an extension of time to file objections to the findings and recommendations (ECF No. 98) is GRANTED.

2. The Clerk of the Court is directed to update plaintiff's address of record to the address provided in the notice of change of address filed on May 20, 2026.

3. The findings and recommendations filed on April 28, 2026 (ECF No. 96) are VACATED.

4. Defendants' motion for sanctions and/or to compel (ECF No. 94) is GRANTED in part to the extent that plaintiff is ordered to attend and cooperate with his deposition, which shall be properly re-noticed by defendants.

5. The pretrial scheduling order for this case is modified only to the extent that defendants are granted up to and including **July 15, 2026**, to take plaintiff's deposition and the pre-trial dispositive motion deadline is extended to **September 25, 2026**.

Dated:  June 2, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 ayal2186.vacfr.mtc