UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUAN CARLOS GARCIA AYALA

Plaintiff,

v.

GARY REDMAN, et al.,

Defendants.

No. 2:21-cv-2186-DJC-CKD P

FINDINGS AND RECOMMENDATIONS

Plaintiff filed this case seeking relief under 42 U.S.C. § 1983 while he was detained in the Amador County Jail. He proceeds pro se and in forma pauperis. This case is referred to the undersigned by operation of Local Rule 302. See 28 U.S.C. § 636(b)(1). Defendants' motion for terminating sanctions is before the court. (ECF No. 102.) For the reasons set forth below, the motion should be granted.

**PROCEDURAL BACKGROUND**

Plaintiff filed the complaint on November 24, 2021. (ECF No. 1.) Plaintiff filed a second amended complaint on June 13, 2022. (ECF No. 32.) After screening, the case proceeded on plaintiff's Fourteenth Amendment excessive force claims against defendants Creach and La Barbera. (ECF Nos. 47.)

The court issued a discovery and scheduling order on April 17, 2023. (ECF No. 56.) By order filed on October 11, 2023, the court granted plaintiff leave to amend the complaint and

granted his motions to modify the discovery and scheduling order. (ECF No. 64.) Plaintiff filed the operative third amended complaint on January 2, 2024. (ECF No. 68.) After screening, the case proceeded on excessive force claims against defendants Creach, LaBarbera, and Owens. (ECF Nos. 70, 74.) Defendants answered the third amended complaint. (ECF No. 75.)

On November 18, 2024, the court issued an amended discovery and scheduling order. (ECF No. 77.) Under the terms of the order, all discovery was to be completed by March 18, 2025. (Id. at 6.)

On March 18, 2025, defendants filed their first motion for sanctions, asking, in the alternative, to compel responses to defendant's written discovery requests and deem requests for admission admitted. (ECF No. 78.) On April 23, 2025, the court cautioned plaintiff regarding his failure to provide discovery responses and failure to timely oppose the pending motion and granted plaintiff 21 days to oppose the pending motion. (ECF No. 79.) Plaintiff did not file an opposition to the motion for sanctions in the time granted to do so.

On June 2, 2025, the undersigned recommended this case be dismissed without prejudice for plaintiff's failure to prosecute. (ECF No. 81.) Plaintiff filed objections. (ECF No. 83.)

On August 26, 2025, the undersigned vacated the recommendation to dismiss this case and granted defendants' motion to compel. (ECF No. 85.) Plaintiff was ordered to serve discovery responses and the pretrial scheduling order was modified for this purpose. (Id. at 6.) Defendants' requests to admit were deemed admitted and plaintiff was informed he could move the court to withdraw the matters deemed admitted within 21 days. (Id.)

Plaintiff sought and was granted an extension of time to serve responses to the written discovery requests. (ECF No. 87, 88.) Plaintiff's unopposed motion to withdraw the matters deemed admitted was granted. (ECF No. 93.) On November 3, 2025, the court extended the discovery deadline solely for the purpose of taking plaintiff's deposition. (ECF No. 91.)

On January 15, 2026, defendants filed their second motion for sanctions asserting plaintiff failed to attend his properly noticed deposition. (ECF No. 94.) Plaintiff did not oppose the motion. (See ECF No. 95.) On April 28, 2026, the undersigned recommended the court grant

defendants' request for terminating sanctions and deny the request for monetary sanctions. (ECF No. 96.) Plaintiff filed objections. (ECF No. 99.)

On June 3, 2026, the undersigned vacated the recommendation to grant defendants' prior request for terminating sanctions, granted the defendants' motion to compel, ordered plaintiff to attend and cooperate with his deposition, and set new deadlines for this case (ECF No. 100.) On July 13, 2026, defendants filed the motion for terminating sanctions presently before the court, asserting plaintiff again failed to appear for his noticed deposition. (ECF No. 102.) Plaintiff has not opposed the motion and did not respond to the court's most recent order. (See ECF No. 104.)

## APPLICABLE STANDARD

The Local Rules of the Eastern District provide wide latitude to the court to issue sanctions: under Local Rule 110, the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Moreover, the Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with an order compelling discovery. Federal Rule of Civil Procedure 37(b)(2)(A)(v) permits a court to "dismiss[ ] the action or proceeding in whole or in part" if a party fails to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b).

It is within the discretion of a district court to order dismissal sanctions. Olivia v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir. 1990)). However, because "dismissal is a harsh penalty ... it should only be imposed in extreme circumstances." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (emphasis in the original) (quoting Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)); Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) ("Only 'willfulness, bad faith, and fault' justify terminating sanctions" (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003))).

The court considers five factors "before resorting to the penalty of dismissal: '(1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Hernandez, 138 F.3d at 399 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins., 482 F.3d at 1096 (citation omitted). Not all factors must cut in favor of dismissal for terminating sanctions to be imposed. Malone v. U.S. Postal Serv., 833 F.2d 128, 133 n.2 (9th Cir. 1987); see also Ferdik, 963 F.2d at 1263 ("Even if the prejudice factor as well as the fifth factor regarding the public policy favoring disposition on the merits both weighed against dismissal, they would not outweigh the other three factors that strongly support dismissal here." (citation omitted)).

**DISCUSSION**

The relevant factors strongly support dismissal of this case. Defendants are prejudiced by not being able to take plaintiff's deposition. The prejudice is not counterbalanced by any legitimate excuse for plaintiff's non-compliance, as plaintiff has not presented any justification for failing to appear for his deposition again and failing to file an opposition or statement of non-opposition to the pending motion for terminating sanctions. "[T]he public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). Judicial economy considerations also weigh in favor of terminating sanctions for plaintiff's repeated and consistent non-compliance with the court's rules and orders. See Ferdik, 963 F.2d at 1261 (dismissal may be necessary "to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants").

Public policy ordinarily favors disposition of cases on their merits. See Yourish, 191 F.3d at 990. Twice before, the undersigned vacated a prior recommendation to close this case due to plaintiff's failures. At this point, the case "is stalled or unreasonably delayed by [plaintiff's] failure to comply with deadlines and discovery obligations" and "cannot move forward toward resolution on the merits[.]" In re Phenylpropanolamine (PPA) Products Liability Litigation, 460

F.3d 1217, 1228 (9th Cir. 2006).

No other, lesser sanction than dismissal would be satisfactory or effective because plaintiff has exhibited willful disregard for this litigation he commenced. See Wright v. Maritime Overseas Corp., 96 F.R.D. 686, 688 (N.D. Cal. 1983). The court gave plaintiff ample warnings that failure to comply with discovery obligations and the court's orders would result in dismissal of this action. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (The "court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Plaintiff continued to disregard the court's orders and his discovery obligations when he failed to appear for his noticed deposition a second time.

Defendants' request for terminating sanctions should be granted. Because plaintiff proceeds in forma pauperis, the undersigned declines to recommend monetary sanctions.

**RECOMMENDATION**

In addition, for the reasons set forth above, IT IS RECOMMENDED as follows:

1. Defendants' motion for sanctions (ECF No. 102) be GRANTED and this action dismissed with prejudice.
2. Defendants' request for monetary sanctions be denied.
3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 7 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 ayal2186.fr3